UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 2:18-CR-72-KAC-CRW |
| | ) |
| EMANUEL LEWIS ANDERSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The Court began a supervised release revocation hearing in this case on January 10, 2024. At the hearing, the Court continued the hearing because Defendant raised a number of legal issues for the first time [*See* Doc. 41]. After the hearing, the Court ordered the Parties to file briefs addressing, among other things, whether "any sentence of imprisonment that the Court might impose after revocation of [Defendant's] supervised release would violate the Fifth Amendment and the Sixth Amendment because the Court initially sentenced him to the statutory maximum term of imprisonment for his underlying conviction" [*See* Doc. 42 at 1-2]. Both Parties have now submitted briefs [*See* Docs. 44, 45]. It is prudent to address this legal issue now, in advance of Defendant's continued supervised release revocation hearing.

Defendant originally pled guilty to being an accessory after the fact related to the possession of stolen firearms, in violation 18 U.S.C. § 3 [*See* Doc. 7]. The statutory maximum term of imprisonment for this offense is five (5) years [*See* Doc. 14 ¶ 77, *sealed]. *See* 18 U.S.C. §§ 3, 922(j), & 924(a)(2). The Court sentenced Defendant to a term of imprisonment of sixty (60) months—the statutory maximum term of imprisonment [*See* Doc. 20 at 2]. The Court also sentenced Defendant to three (3) years of supervised release [*See id.* at

3].  Defendant began his term of supervised release on May 6, 2021 [*See* Doc. 32 at 1].  On October 26, 2023, the Court entered an "Amended Petition for Warrant for Offender Under Supervision" [Doc. 32].  The Amended Petition accused Defendant of various violations of the conditions of his supervised release [*See id.* at 1-6].  Defendant thus is subject to the revocation of his term of supervised release under 18 U.S.C. § 3583(e)(3).

Plaintiff argues that the Court should "find that [Defendant] is entitled to a jury determination of any fact, beyond a reasonable doubt, that would subject him to further imprisonment because he has already served the statutory maximum for the conviction offense" [Doc. 44 at 13].  In support, Plaintiff argues that "any further imprisonment for this pending supervised release violation would fall squarely under" *United States v. Apprendi*, 530 U.S. 466, 490 (2000), which "h[eld] that 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt'" [Doc. 44 at 13 (quoting *Apprendi*, 530 U.S. at 490)].

Under precedent binding upon this Court, Defendant's argument fails.  The Supreme Court has "refused to 'transplant'" *Apprendi* "to the supervised release context."  *United States v. Robinson*, 63 F.4th 530, 540 (6th Cir. 2023) (quoting *United States v. Haymond*, 588 U.S. ----, 139 S. Ct. 2369, 2385 (2019) (Breyer, J., concurring in the judgment)).  In *Haymond*, "a 4-1-4 decision," the Supreme Court "held that the Fifth and Sixth Amendments required a jury to find beyond a reasonable doubt that Haymond committed the crimes listed in" 18 U.S.C. § 3583(k).  *Id.* at 538.  Subsequently, in *Robinson*, the Sixth Circuit held "that Justice Breyer issued the *Haymond* opinion that binds" the Sixth Circuit because Justice Breyer's opinion "took the narrowest path to the judgment finding § 3583(k) unconstitutional."  *Id.* at 540 (citing *Marks v. United States*, 430 U.S. 188, 193 (1977)).  Therefore, "Justice Breyer's narrower analysis" applies

to Fifth Amendment and Sixth Amendment challenges in the supervised release context. *See id.* at 540-42. This Court's analysis, then, must be focused on whether 18 U.S.C. § 3583(e)(3) "looks more like a traditional supervised-release sanction than a penalty for a new crime." *Id.* at 540.

Section 3583(e)(3) looks more like a traditional supervised-release sanction. It "depends on the defendant's original crime in a way that § 3583(k) does not" because it "ties the maximum term to the 'severity of the original crime of conviction, not the conduct that results in revocation.'" *See id.* at 540-41 (citing *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring in the judgment)). By contrast, Section 3583(k) "focuses on the new crime in a more significant way" by "mandat[ing] the same sentencing range for everyone—no matter the severity of their original crimes." *Id.* at 541. Subsections 3853(e)(3) and 3853(k) "also generally reach different types of violations" because Section 3583(e)(3) "focus[es] primarily on whether defendants have violated their conditions of supervised release," whereas Section 3583(k) focuses on "other federal offenses in the U.S. Code." *Id.* (emphases omitted). Accordingly, revoking Defendant's term of supervised release and requiring Defendant to serve time in prison upon revocation would not violate the Fifth Amendment or Sixth Amendment. The Court **SETS** Defendant's continued supervised release revocation hearing for **March 13, 2024, at 2:00 P.M.**

SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge